[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE DATED 5/7/02, #117.
Factual and Pleading Background
The plaintiff claims in six counts in his Revised Complaint of March 25, 2002, that he was, in effect, wrongfully terminated, humiliated and defamed by the defendants. The defendants Roadway Express, Inc., and Michael Day moved to strike Counts Three, Four, Five and Six of the Revised Complaint (5/7/02 #117). The plaintiff conceded the defendants' arguments in Count's Three, Four and Five. (See Objection to Defendant's Motion to Strike, 6/7/02). The court has reviewed the papers presented by both sides.
Law
If facts provable in the Complaint would support a cause of action, the Motion to Strike must be denied. Faulkner v. United TechnologiesCorporation, 240 Conn. 576. (1997). Defamation of character consists of two basic elements: publication and harm to reputation. Connecticut Law of Torts, Wright, § 146. Defamation per se includes the allegation that one committed a crime involving moral turpitude. Connecticut Law of Torts, Wright § 146.
Discussion
With regard to the defendant, Michael Day, the allegations are sufficient to state a claim of defamation. The same is not true of the allegations against the defendant Roadway Express, Inc. Those allegations are legally insufficient.
Conclusion
The Motion to Strike Counts Three, Four and Five of the Revised Complaint are granted. The Motion to Strike Count Six as it relates to Roadway Express, Inc., is granted. The Motion to Strike Count Six as it relates to the defendant, Michael Day is denied and the Objection as to Michael Day only is sustained.
So Ordered.
THE COURT
______________ DOWNEY, J. CT Page 7619